JOHN A. OLSEN AND SUZANNE N. OLSEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Olsen v. Commissioner
Docket No. 29476-83.
United States Tax Court
T.C. Memo 1984-411; 1984 Tax Ct. Memo LEXIS 256; 48 T.C.M. (CCH) 765; T.C.M. (RIA) 84411; August 6, 1984. William L. Feinstein, for the petitioners. Carl Zufelt, *257 for the respondent. PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Special Trial Judge: This case was assigned to and heard by Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7456(c) [1] and Delegation Order No. 8 of this Court, 81 T.C. XXV (1983). This case is before the Court on petitioners' Motion for Partial Summary Judgment and Motion to Dismiss with respect to the taxable year 1978, filed March 8, 1984, pursuant to Rule 121. [2]
Respondent determined a deficiency in petitioners' Federal income tax for the taxable years 1978 and 1979 in the amount of $52,772 and $9,362, respectively. The statutory notice of deficiency for each year involved set forth numerous adjustments. The only issue for decision is whether section 7503 is operative where the parties executed a written agreement under section 6501(c)(4) extending the period of assessment to Sunday, July 31, 1983. The parties agree to the relevant facts herein. Prior *258 to the expiration of the time prescribed in section 6501(a) for assessment of tax due from petitioners for the taxable year 1978, petitioners and respondent on July 31, 1981, executed a written agreement under section 6501(c)(4) extending the period for assessment to Sunday, July 31, 1983. On Monday, August 1, 1983, respondent sent to petitioners by certified mail a statutory notice of deficiency for the taxable year 1978. Monday, August 1, 1983, was the first business day following Sunday, July 31, 1983. Rule 121(b) provides that a decision on a motion for summary judgment will be granted if there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Graf v. Commissioner,80 T.C. 944, 946 (1983). The parties herein agree to the essential facts set forth above and accordingly this case is ripe for a ruling under Rule 121. Section 7503 states as follows: When the last day prescribed under the authority of the internal revenue laws for performing any act falls on Saturday, Sunday, or a legal holiday, the performance of such act shall be considered timely if it is performed on the next succeeding day which is not *259 a Saturday, Sunday, or legal holiday. For purposes of this section, the last day for the performance of any act shall be determined by including any authorized extension of time; * * *. In their memoranda in support of their motion for partial summary judgment, petitioners cite Rev. Rul. 72-541, 1972-2, C.B. 645, superceded by Rev. Rul. 83-116, 1983-2 C.B. 264. In the 1972 ruling the Commissioner interpreted section 7503 as to relate only to "* * * procedural steps in connection with the determination, collection, or refund of taxes. * * *" Petitioners point out that we disagreed with the Commissioner's interpretation in Snyder v. Commissioner,T.C. Memo. 1981-216. In that case we determined that section 7503 applied with respect to the timely completion of a section 337 liquidation. In the 1983 ruling, the Commissioner indicated that he would not follow the Court's decision in Snyder v. Commissioner,supra.The Commissioner stated as follows: Thus, it can be concluded that Congress did not intend the general procedural rule for timely performance in section 7503 to apply to all time limitations prescribed by the *260 Code. Congress has indicated a preference to deal with time limitations in other than general procedural rules on an individual basis. In the case of E-B Grain Co. v. Commissioner,81 T.C. 70 (1983), we again ruled that the plain language of section 7503 required its application with respect to any act prescribed by the internal revenue laws. Accordingly, we reaffirmed our holding in Snyder v. Commissioner,supra, that section 7503 cannot legitimately be read to apply only to procedural acts. Petitioners conclude from the above analysis that respondent's position in the above rulings and cases is inconsistent with his position in this case and therefore a decision should be entered for petitioners. A review of the authorities cited by petitioners does not lead us to this conclusion. We believe petitioners' argument misses the mark. Even if we were to accept respondent's interpretation of section 7503 (an interpretation which we have expressly rejected) petitioners would not be entitled to relief. The "act" in section 7503 that we are oncerned with here is the mailing of the notice of deficiency which is a proceduralstep in the *261 determination of the proper tax liability. Thus, respondent's position has been consistent in arguing here that section 7503 applies so as to give the Commissioner an additional day for purposes of issuance of the notice of deficiency. Section 301.7503-1(a), Proced.& Admin. Regs., makes it clear that section 7503 applies to either the acts of a taxpayer or the Commissioner regardless of whether the period for timely performance is stated in terms of days or years. [3] Given the clear language of section 7503 which states that "* * * the last day for the performance of any act shall be determined by including any authorized extension of time; * * *" we are satisfied that respondent had until the next succeeding day, Monday, August 1, 1983, to issue a notice of deficiency. Having done so, the notice of deficiency was timely issued and accordingly, petitioners Motion for Partial Summary Judgment is herein denied.
An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Orrock v. Commissioner,T.C. Memo. 1982-293. See also Glenshaw Glass Co. v. Commissioner,25 T.C. 1178↩ (1956).